UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DONALD BROWN,<br>*Plaintiff,*<br>v.<br>BANK OF AMERICA CORPORATION, NEWREZ, LLC d/b/a SHELLPOINT MORTGAGE SERVICING, and THE BANK OF NEW YORK MELLON CORPORATION,<br>*Defendants.* | C.A. No. 1:19-cv-327 |

NOTICE OF REMOVAL

NewRez LLC d/b/a Shellpoint Mortgage Servicing (**Shellpoint**) and The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-21 (**BoNYM**), improperly named in this suit as The Bank of New York Mellon Corporation, remove the action Donald Brown filed in Newport County Superior Court of the State of Rhode Island to the United States District Court for the District Rhode Island.[1]

I. STATEMENT OF THE CASE

1. Donald Brown filed suit in state court in the case styled *Donald Brown v. Bank of America Corporation, et al.* and assigned case number NC-2019-0057 seeking to enjoin a foreclosure sale of 33 Gibbs Lane, Unit 4, Portsmouth, Rhode Island 02871.[2] In addition to injunctive relief, Mr. Brown seeks unspecified monetary damages basing on allegations defendants failed to comply with a 2009 HAMP TPP agreement and failed to send complaint pre-foreclosure notices.[3]

---

[1] Defendant Bank of America, N.A., improperly named in this suit as Bank of America Corporation consents to and joins in this removal.
[2] *See* compl.; *see also* ex. 1. *see also* emergency mot., ex. 3; *see also* am. compl. at ¶ 57.
[3] *See* am. compl., ex. 2.

## II.     DIVERSITY JURISDICTION BASIS

2.     The court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.00. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Id.* at 84.

**A.     The parties are citizens of different states.**

3.     Mr. Brown is a citizen of Rhode Island because that is where he is domiciled.[4] *Garcia Perez v. Santaella*, 364 F.3d 348, 350 (1st Cir. 2004).

4.     Shellpoint is a citizen of Delaware and New York. Shellpoint is a Delaware limited liability company. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006).

5.     Shellpoint is a wholly-owned subsidiary of Shellpoint Partners LLC.

6.     Shellpoint Partners LLC's members are NRM Acquisition LLC and NRM Acquisition II LLC, both of which are wholly-owned by New Residential Mortgage LLC.

7.     New Residential Mortgage LLC is wholly-owned by New Residential Investment Corporation, a publicly-traded company. A corporation is a citizen of the state in which it is incorporated and in which it has its principal place of business. *See* 28 U.S.C. § 1332(c). New Residential Investment Corp. is incorporated in Delaware with its principal place of business in New York. New Residential Investment Corp. is a citizen of New York and Delaware for purposes of diversity.

---

[4] *See* am. compl. ¶ 1.

8. BoNYM is a citizen of New York. A national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) (construing 28 U.S.C. § 1348 (2006)). BoNYM's articles of association designate New York, New York, as the location of BoNYM's main office.

9. Bank of America is a citizen of North Carolina. Bank of America's articles of association designate Mecklenburg County, North Carolina as its main office location.

**B.      The amount in controversy exceeds $75,000.00.**

10. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977).

11. "In cases that seek equitable relief against foreclosure sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity." *Bedard v. Mortg. Elec. Registration Sys., Inc.*, 2011 WL 1792738, at *2–3 (D.N.H. May 11, 2011); *see also Cabriales v. Aurora Loan Servs.*, No. C 10-161 MEJ, 2010 WL 761081, at *3–4 (N.D. Cal. Mar. 2, 2010) (amount in controversy satisfied where plaintiffs sought to enjoin foreclosure of home that exceeded $75,000 in value); *McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 213 (1st Cir. 2012) (amount in controversy satisfied where the loan amount and the amount due exceeded $75,000).

12. Mr. Brown does not specify the amount of damages sought. The object of this litigation—the property—is appraised at $311,000 by the Town of Portsmouth Assessor.[5]

---

[5] *See* Town of Portsmouth Assessor Report, attached as exhibit 4.

### III.   THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

13.   Removal of this action is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty days of Shellpoint and BoNYM's receipt of the complaint, through service or otherwise.

14.   Venue is proper in this court because the United States District Court for the District of Rhode Island embraces the place in which the state court action was pending. 28 U.S.C. § 1441(a).

15.   Notice has been sent to the state court and Mr. Brown regarding the removal of this action. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as exhibits 1–11.

16.   In accordance with Local Rule 81(a), Shellpoint and BoNYM will file a certified or attested copy of the state court record within fourteen days of filing of this notice of removal.

17.   In filing this removal, Shellpoint and BoNYM do not wish to waive their rights to raise any defenses or grounds for dismissal pursuant to Federal Rule of Civil Procedure 12, or otherwise.

### IV.   CONCLUSION

18.   The court may exercise diversity jurisdiction over this action because the parties are completely diverse and the amount in controversy exceeds $75,000.00.

WHEREFORE, Shellpoint and BoNYM remove this action now pending against them in the Rhode Island Superior Court for Newport County.

Date:  June 17, 2019                           Respectfully submitted,

*/s/ Steven M. Stoehr*
Steven M. Stoehr, Esq. # 9347
Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458
Telephone: 617.558.0780
Facsimile: 617.243.4038
sstoehr@harmonlaw.com

**ATTORNEY FOR BONYM & SHELLPOINT**


# CERTIFICATE OF SERVICE

I hereby certify that, on the 17th day of June, 2019, I electronically served the foregoing on all registered participants and mailed a copy of foregoing document to the opposing parties at the following address by first class mail:

Andrew R. Bioldeau, Esq.                Michael Hagopian, Esq.
Bilodeau Capalbo, LLC                    Brock & Scott PLLC
1300 Division Road, Suite 102            1080 Main Street, Suite 200
West Warwick, Rhode Island 02893         Pawtucket, RI 02860
Telephone: 401.300.4055                  Telephone: 401-217-8701
Facsimile: 866.089404852                 Michael.Hagopian@brockandscott.com
abilodeau@bilodeaucapalbo.com

A copy of the document is available through the court's electronic filing system.


*/s/ Steven M. Stoehr*
Steven M. Stoehr, Esq.

**CONSENTED TO BY:**

*/s/ Michael R. Hagopian*
Michael R. Hagopian, Esq. (3448)
Brock & Scott, PLLC
1080 Main Street, Suite 200
Pawtucket, Rhode Island 02860
(401) 217-8701 x 2453
michael.hagopian@brockandscott.com

**ATTORNEY FOR BANK OF AMERICA**